UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **SHARON ATTARDO,** ) | |
| ) | |
| **Plaintiff,** ) | 2:25-cv-04748-DCN |
| ) | |
| v.                   ) | **CASE NO.:** _____ |
| ) | |
| **BODUM USA, INC.,** a New York ) | **COMPLAINT** |
| Corporation, and **STARBUCKS** ) | **JURY TRIAL DEMANDED** |
| **CORPORATION**, a Washington ) | |
| Corporation, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Plaintiff, **SHARON ATTARDO** ("Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **ROGERS PATRICK WESTBROOK & BRICKMAN, LLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendants, **BODUM USA, INC.** ("Bodum" or "Defendant Bodum") and **STARBUCKS CORPORATION** ("Starbucks" or "Defendant Starbucks") (collectively, "Defendants"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a products liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff purchased and used a Bodum + Starbucks Recycled 8-Cup Coffee Press (hereafter generally referred to as "coffee press(es)" or "subject coffee press") designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, promoted, distributed and sold by Defendants Bodum and Starbucks.

2. In or around October of 2017, Plaintiff purchased the subject coffee press from the

1

Starbucks located at 4840 Tanger Outlet Boulevard, North Charleston, SC 29418.

3.  On or about June 16, 2022, Plaintiff was depressing the coffee press' plunger when the plunger's metal rod suddenly broke through the plunger knob, puncturing Plaintiff's hand and sinking into her palm. As a result, plaintiff sustained a laceration to her hand, as well as an oblique fracture of her fifth metacarpal diaphysis, damage to the cartilage and ligaments in her hand, and ongoing pain, weakness, and paresthesia.

4.  Defendants' coffee presses are defectively designed and manufactured in that the coffee press' plastic plunger knob can break, exposing the plunger's metal rod. When used in its normal and intended manner by consumers, the plunger rod can break through the plunger knob, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention.

5.  On May 1, 2019, the Consumer Products Safety Commission ("CPSC"), in conjunction with Starbucks, issued a recall involving the Bodum + Starbucks Recycled Coffee Presses, stating that "[t]he coffee press' plunger knob can break and expose the metal rod, posing a laceration hazard"[1] – which is exactly what happened to Plaintiff in this action. The CPSC indicated that Starbucks had received "eight reports of the plunger's knob breaking in the U.S. and one report of the plunger's knob breaking in Canada, resulting in lacerations or puncture injuries."[2]

6.  As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] *See* https://www.cpsc.gov/Recalls/2019/Starbucks-Recalls-Bodum-Recycled-Coffee-Presses-Due-to-Laceration-Hazard (last accessed May 28, 2025). A copy of the recall notice is attached hereto as Exhibit A.
[2] *Id*.

**PLAINTIFF SHARON ATTARDO**

7.  Plaintiff is a resident and citizen of the City of Charleston, County of Charleston, State of South Carolina, and remains domiciled in the same.

8.  In or around October 2017, Plaintiff purchased the subject coffee press from Starbucks.

9.  On or about June 16, 2022, Plaintiff was using the coffee press designed, manufactured, marketed, imported, distributed, and sold by Defendants for its intended and reasonably foreseeable purpose of brewing coffee when she sustained severe laceration injuries as the direct and proximate result of the coffee press' plunger knob breaking and the plunger's metal rod impaling her hand during the normal, intended use of the coffee press. The incident occurred as the result of the coffee press' defect(s), namely, the coffee press' defective plunger knob and plunger.

**DEFENDANT BODUM USA, INC.**

10. Defendant Bodum USA, Inc. designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject coffee press in this case.

11. Bodum is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the state of New York with its principal place of business located at 45 East 20th Street, 8th Floor, New York, NY 10003. Bodum does business in all 50 states. Bodum is therefore deemed to be a resident and citizen of the State of New York for the purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

12. At all times relevant, Bodum substantially participated in the design, manufacture, marketing, import, distribution and sale of the subject coffee press, which caused Plaintiff's injuries and damages.

## DEFENDANT STARBUCKS CORPORATION

13. Defendant Starbucks Corporation designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject coffee press in this case.

14. Starbucks is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the state of Washington with its principal place of business located at 2401 Utah Avenue South, MS: S-LA1, Suite 800, Seattle, WA 98134. Starbucks does business in all 50 states. Starbucks is therefore deemed to be a resident and citizen of the State of Washington for the purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

15. At all times relevant, Starbucks substantially participated in the design, manufacture, marketing, import, distribution and sale of the subject coffee press, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

18. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because both Bodum and Starbucks have had sufficient minimum contacts with the State of South Carolina and intentionally availed themselves of the markets within South Carolina through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

19. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the coffee presses at issue in this litigation.

20. The subject coffee press was manufactured, marketed, imported, distributed, and/or sold by Bodum, and marketed, imported, distributed, and/or sold by Starbucks.

21. Upon information and belief, the subject coffee press was jointly designed by both Bodum and Starbucks.

22. In or around October of 2017, Plaintiff purchased the subject coffee press from the Starbucks located at 4840 Tanger Outlet Boulevard, North Charleston, SC 29418.

23. On or about June 16, 2022, Plaintiff was depressing the coffee press' plunger when the plunger's metal rod suddenly broke through the plunger knob, puncturing Plaintiff's hand and sinking into her palm. As a result, plaintiff sustained a laceration to her hand, as well as an oblique fracture of her fifth metacarpal diaphysis, damage to the cartilage and ligaments in her hand, and ongoing pain, weakness, and paresthesia.

24. On May 1, 2019, the Consumer Products Safety Commission ("CPSC"), in conjunction with Starbucks, issued a recall involving the Bodum + Starbucks Recycled Coffee Presses, stating that "[t]he coffee press' plunger knob can break and expose the metal rod, posing a laceration hazard"[3] – which is exactly what happened to Plaintiff in this action. The CPSC indicated that Starbucks had received "eight reports of the plunger's knob breaking in the U.S. and one report of the plunger's knob breaking in Canada, resulting in lacerations or puncture injuries."[4]

25. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the

---

[3] Exhibit A.
[4] *Id*.

subject coffee press with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of brewing coffee.

26. Plaintiff used her coffee press for its intended purpose of preparing coffee for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendants.

27. However, the aforementioned coffee press was defectively designed and manufactured by Defendants in that the coffee press' plastic plunger knob can break, exposing the plunger's metal rod. When used in its normal and intended manner by consumers, the plunger rod can break through the plunger knob, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention.

28. Defendants' coffee presses possess defects that make them unreasonably dangerous for their intended use by consumers because the presses' plunger rods and plunger knobs are capable of breaking, allowing the plunger rods' metal rod to puncture, impale, and lacerate consumers.

29. Economic, safer alternative designs were available that could have prevented the coffee press' plunger knob from breaking during normal and intended use.

30. As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to timely remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous coffee press, which resulted in significant and painful bodily injuries.

31. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' coffee press as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### AS TO ALL DEFENDANTS
### STRICT PRODUCTS LIABILITY

32. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

33. At all times relevant, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 et seq. of the South Carolina Code Ann. (1976, as amended).

34. Pursuant to S.C. Code § 15-73-10 et seq., Defendants are strictly liable in tort, irrespective of privity, for designing, manufacturing, warranting, marketing, importing, distributing, selling, and otherwise placing a defective and unreasonably dangerous product into the stream of commerce, which was the proximate cause of Plaintiff's injuries and damages.

35. At all times relevant herein, Defendants were in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the coffee presses to consumers, including the subject coffee press.

36. At the time they were designed, manufactured, warranted, marketed, imported, distributed, and sold by Defendants, the coffee presses were defective in their design, manufacture and/or warnings and were unreasonably dangerous for their foreseeable uses.

37. The subject coffee press was expected to and did reach Plaintiff without undergoing any substantial changes or alterations in its condition.

38. Plaintiff neither misused nor materially altered the subject coffee press and, at the time of the incident complained of herein, the subject coffee press was in the same or substantially similar condition as it was in at the time of sale.

7

39. At all relevant times, including when the incident alleged herein occurred, the subject coffee press was used by Plaintiff in an intended and/or foreseeable manner.

40. As designed, manufactured, warranted, marketed, imported, distributed, and sold, the coffee presses at issue were unreasonably dangerous and failed to perform in a manner reasonably expected in light of their intended design, nature, and function, because at the time they were sold or otherwise distributed by the Defendants they were in a condition (a) not contemplated by reasonable persons among those considered expected users or consumers of the coffee presses; and (b) that was unreasonably dangerous to the expected user or consumer when used in a reasonably expectable way of handling or consumption.

41. Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the coffee presses safe. Specifically:

   a. The coffee presses designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the coffee presses, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendants failed to adequately test the coffee presses; and

   e. Defendants failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

42. Plaintiff did not know at the time of her use of the subject coffee press, nor at any time prior thereto, of the existence of the defects in the product.

43. Defendants knew or should have known that their coffee presses created high risk of unreasonable harm to Plaintiff and consumers alike.

8

44. Despite the fact that Defendants knew or should have known that its coffee presses were dangerously defective and could cause the injuries described herein, Defendants continued to market their coffee presses to the general public.

45. As a direct, actual, and proximate result of Defendants' collective actions and omissions, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

46. Wherefore, Plaintiff requests a judgment against Defendants for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**SECOND CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**NEGLIGENCE**

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

48. The subject coffee press was expected to and did reach Plaintiff without undergoing any substantial changes or alterations in its condition.

49. Plaintiff neither misused nor materially altered the subject coffee press and, at the time of the incident complained of herein, the subject coffee press was in the same or substantially similar condition as it was in at the time of sale.

50. Defendants owed a duty to Plaintiff and other users of their products to exercise due care in the sale and distribution of the coffee presses at issue in this case.

51. Defendants were negligent, careless, and reckless in the design, manufacture, advertising, warning, marketing, and sale of their coffee presses in that, among other things, they:

9

     a. Failed to use due care in designing and manufacturing the coffee presses to avoid the aforementioned risks to individuals;

     b. Placed an unsafe product into the stream of commerce; and

     c. Were otherwise careless or negligent.

52. Plaintiff did not know at the time of her use of the subject coffee press, nor at any time prior thereto, of the existence of the defects in the product.

53. Despite the fact that Defendants knew or should have known that their coffee presses were dangerously defective and could cause the injuries described herein, Defendants continued to market their coffee presses to the general public.

54. As a direct, actual, and proximate result of Defendants' collective actions and omissions, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

55. Wherefore, Plaintiff requests a judgment against Defendants for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## THIRD CAUSE OF ACTION
## AS TO ALL DEFENDANTS
## BREACH OF IMPLIED WARRANTIES

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57. Implied in every sale of goods in South Carolina are the implied warranties of merchantability and fitness for a particular purpose. *See* S.C. Code Ann. §§ 36-2-314 and 36-2-315.

58.     Defendants are merchants with respect to the goods at issue, including the subject coffee press.

59.     Defendants were the sellers of the subject coffee press and, thus, have impliedly warranted that the subject coffee press which they sold was fit for its ordinary and foreseeable purposes and for the particular purpose for which it was sold.

60.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of these warranties.

61.     The subject coffee press was expected to and did reach Plaintiff without undergoing any substantial changes or alterations in its condition.

62.     Plaintiff neither misused nor materially altered the subject coffee press and, at the time of the incident complained of herein, the subject coffee press was in the same or substantially similar condition as it was in at the time of sale.

63.     Plaintiff made ordinary and foreseeable use of the subject coffee press and Plaintiff relied upon the implied warranties given by Defendants.

64.     Contrary to those implied warranties, Defendants' coffee presses were not merchantable and fit for their ordinary purpose because they had the propensity to lead to serious personal injuries as described herein in this Complaint.

65.     Plaintiff used the subject coffee press with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of brewing coffee.

66.     Plaintiff did not know at the time of her use of the subject coffee press, nor at any time prior thereto, of the existence of the defects in the product.

67. As a direct, actual, and proximate result of Defendants' collective breach of their warranties, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

68. Wherefore, Plaintiff requests a judgment against Defendants for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## PRAYER FOR RELIEF

69. WHEREFORE, Plaintiff prays as follows:

    a. Judgment against Defendants;

    b. For sums as actual and other compensatory damages, including pain and suffering and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

    c. For the costs of this suit, including attorney's fees; and

    d. For such other and further relief to which she may be entitled, that this Honorable Court deems just and proper.

## JURY DEMAND

70. Plaintiff hereby demands a trial by jury pursuant to Rule 23, SCRCP.

                                                Respectfully submitted,

Dated: May 30, 2025                             By:  *s/ Elizabeth Middleton Burke*
                                                Elizabeth Middleton Burke (Fed. I.D. 7466)
                                                Misty Black O'Neal (Fed. I.D. 12262)
                                                **ROGERS PATRICK WESTBROOK & BRICKMAN, LLC**
                                                1037 Chuck Dawley Blvd., Bldg. A
                                                Mount Pleasant, SC 29464
                                                Ph:     (843) 727-6500
                                                Fax:    (843) 216-6509
                                                bburke@rpwb.com
                                                moneal@rpwb.com

12

*In association with*:

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff Sharon Attardo***

13